

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2008

# Riordan v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3358

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Riordan v. Comm Social Security" (2008). *2008 Decisions.* Paper 311.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/311

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3358
_____

DENNIS RIORDAN,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 05-CV-5114
District Judge: The Honorable Joel A. Pisano

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 23, 2008

Before: RENDELL and SMITH, *Circuit Judges*,
and POLLAK*, *District Judge**

(Filed: October 29, 2008 )

———————

OPINION

———————

SMITH, *Circuit Judge*.

_____

*The Honorable Louis H. Pollak, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1

Dennis Riordan appeals from the judgment of the United States District Court for the District of New Jersey, affirming the denial by the Commissioner of Social Security of Riordan's application for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act. The District Court exercised jurisdiction under 42 U.S.C. § 405(g). Appellate jurisdiction exists under 28 U.S.C. § 1291. Our review is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). For the reasons set forth below, we will affirm.

Riordan worked for almost twenty years for the brokerage house of Paine Webber as an operations specialist. He described the job as one requiring balancing and bookkeeping, the use of computers and calculators, and careful scrutiny for mistakes. In December of 1990, he experienced an episode of chest pain. The treatment records indicated that Riordan was 37 years old and obese. His cardiac workup was negative for a myocardial infarction, however, and he returned to work. In June of 1991, he experienced another episode of chest pain. Again, a myocardial infarction was ruled out. Thereafter, Riordan explained, he was told by his employer not to return to work. He has not worked since that time.

The progress notes from his family physician indicate that he was treated

2

intermittently for a variety of non-cardiac problems in 1996 and 1997, an ear infection in 1998, and psoriasis in early October of 1999. In December of 1999, he was hospitalized with cellulitis of his left leg, which responded well to intravenous antibiotics. He was evaluated at that time by a nephrologist, Dr. Lefkowitz, because of some protein in his urine. She ordered some additional diagnostic studies. After conducting a physical examination of Riordan, Dr. Lefkowitz documented that he was obese, and that he denied any joint pain, chest pain, chronic cough, or orthopnea. His blood pressure was normotensive, and his heart rate was within normal limits. Riordan's lungs were clear to auscultation and his extremities were "without edema." His left leg was noted to be improving from cellulitis and to have some psoriatic plaques.

The record before the Administrative Law Judge (ALJ) does not contain any medical records for the time period between Dr. Lefkowitz's evaluation in December of 1999 and July of 2002, when he returned to his family physician with complaints of psoriasis. Riordan saw his family physician again in August of 2002 because of another episode of cellulitis of his left leg.

In December of 2002, Riordan had some cardiac studies performed. Although his EKG had some abnormalities, his left ventricular function was assessed as 58% with "excellent wall motion." His perfusion study was normal. Riordan's echocardiogram showed normal left ventricular function and only "mild tricuspid regurgitation." His cellulitis required further treatment in January of 2003.

3

In February of 2003, Riordan was diagnosed with sleep apnea. A CPAP trial was helpful in ameliorating the symptoms. At some point in May of 2003, a renal angiogram showed possible stenosis of the left renal artery. A Captopril renogram study indicated that there was a decreased function of approximately 30% on the left kidney compared to the right, but no evidence of renal stenosis. Dr. Lefkowitz saw Riordan again in August of 2003 and noted some "very mild hypertension" that was well controlled with medication. She ordered more tests to further assess his renal status. She noted that he was morbidly obese at 400 pounds and that "this probably limits him in his exercise ability." She documented in her progress notes that Riordan was not in any acute distress, had good breath sounds, a regular heart rhythm, and some edema of the legs.

On June 30, 2003, Riordan applied for disability insurance and supplemental security income benefits, alleging disability since 1991 due to obesity, low back pain, chest pain, sleep apnea, kidney problems, hypertension, pain in his legs, and psoriasis. The following month, in September of 2003, he was examined by Dr. Pollack at the request of the State of New Jersey. The report noted that Riordan is

> well-developed, well-nourished in no acute distress. He is ambulating without difficulty. Gait is within normal limits. He has no difficulty arising from the chair, no difficulty getting on and off the examining table and no difficulty opening the gown for physical examination.

Riordan's heart rate and rhythm were regular and no murmurs or rubs were detected. His breath sounds were clear. His extremities did not exhibit edema and his pulses were present. His reflexes were equal bilaterally. His range of motion was documented as

4

"[f]ull" and his "motor examination within normal limits." A subsequent review by a state agency physician indicated that he could perform the full range of sedentary work.

After a hearing, the ALJ concluded that Riordan was not disabled as he was capable of performing the full range of sedentary work and this work was compatible with his past work at the brokerage house. Riordan appealed, arguing that the ALJ erred at step three in the sequential analysis. He also argued that the ALJ failed to evaluate adequately his obesity and to explain the basis for finding, at step four of the sequential analysis, that Riordan had the residual functional capacity to perform the full range of sedentary work.

In a thorough memorandum, the District Court disagreed and affirmed the Commissioner's final decision denying Riordan's application for benefits. This timely appeal followed. Before us, Riordan raises the same issues that he argued in the District Court.

Consistent with our directive in *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112, 119 (3d Cir. 2000), the ALJ fully discussed the evidence at step three of the sequential analysis and explained that the evidence neither satisfied nor equaled the criteria of impairments listed for the cardiovascular, renal, or skin system. This analysis was sufficient for us to conduct meaningful review. *Id.*; *see also Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 93 (3d Cir. 2007). In light of the medical evidence of record, we conclude that there is substantial evidence to support the ALJ's determination

5

at step three.

We also reject Riordan's contention that the ALJ did not adequately consider his obesity and did not explain the basis of the finding that Riordan had the ability to perform sedentary work. Although Riordan focuses upon the fact that he has been diagnosed with chronic obstructive pulmonary disease, sleep apnea, hypertension, cardiovascular disease, and renal disease that are attributable to his obesity, the ALJ appropriately focused upon the extent of the limitations imposed by those conditions. The ALJ considered the opinions of the two examining physicians, noting the lack of complaints of joint pain and chest pain, Riordan's normal gait, and the fact that his physical examination was within normal limits except for his weight. The ALJ accorded great weight to the opinions of these examining physicians in finding that Riordan had the residual functional capacity to perform sedentary work. After reviewing the record, we conclude that there is substantial evidence to support this finding.

In sum, we conclude that there was substantial evidence to support the Commissioner's final decision denying Riordan's application for benefits. Accordingly, we will not disturb the judgment of the District Court.